USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 12, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- X
NATIONAL LABOR RELATIONS BOARD,          :
                                          :
                Applicant,                :
                                          :
     - against -                          :        No. 15 Misc. 326 (JFK)
                                          :        **OPINION & ORDER**
AJD, INC.,                                :
A MCDONALD'S FRANCHISEE,                  :
                                          :
                Respondent.               :
------------------------------------- X
NATIONAL LABOR RELATIONS BOARD,          :
                                          :
                Applicant,                :
                                          :
     - against -                          :        No. 15 Misc. 327 (JFK)
                                          :        **OPINION & ORDER**
1531 FULTON STREET, LLC,                  :
A MCDONALD'S FRANCHISEE,                  :
                                          :
                Respondent.               :
------------------------------------- X
NATIONAL LABOR RELATIONS BOARD,          :
                                          :
                Applicant,                :
                                          :
     - against -                          :        No. 15 Misc. 328 (JFK)
                                          :        **OPINION & ORDER**
BRUCE C. LIMITED PARTNERSHIP,             :
A MCDONALD'S FRANCHISEE,                  :
                                          :
                Respondent.               :
------------------------------------- X
NATIONAL LABOR RELATIONS BOARD,          :
                                          :
                Applicant,                :
                                          :
     - against -                          :        No. 15 Misc. 329 (JFK)
                                          :        **OPINION & ORDER**
840 ATLANTIC AVENUE, LLC,                 :
A MCDONALD'S FRANCHISEE,                  :
                                          :
                Respondent.               :
------------------------------------- X

```
------------------------------------ X
NATIONAL LABOR RELATIONS BOARD,      :
                                     :
                       Applicant,    :
                                     :
      - against -                    :     No. 15 Misc. 330 (JFK)
                                     :     OPINION & ORDER
LEWIS FOODS OF 42ND STREET, LLC,     :
A MCDONALD'S FRANCHISEE,             :
                                     :
                       Respondent.   :
------------------------------------ X
NATIONAL LABOR RELATIONS BOARD,      :
                                     :
                       Applicant,    :
                                     :
      - against -                    :     No. 15 Misc. 331 (JFK)
                                     :     OPINION & ORDER
JOHN C. FOOD CORP.,                  :
A MCDONALD'S FRANCHISEE,             :
                                     :
                       Respondent.   :
------------------------------------ X
NATIONAL LABOR RELATIONS BOARD,      :
                                     :
                       Applicant,    :
                                     :
      - against -                    :     No. 15 Misc. 332 (JFK)
                                     :     OPINION & ORDER
MCCONNER STREET HOLDING, LLC,        :
A MCDONALD'S FRANCHISEE,             :
                                     :
                       Respondent.   :
------------------------------------ X
NATIONAL LABOR RELATIONS BOARD,      :
                                     :
                       Applicant,    :
                                     :
      - against -                    :     No. 15 Misc. 333 (JFK)
                                     :     OPINION & ORDER
14 EAST 47TH STREET, LLC,            :
A MCDONALD'S FRANCHISEE,             :
                                     :
                       Respondent.   :
------------------------------------ X
```

```
------------------------------------X
NATIONAL LABOR RELATIONS BOARD,     :
                                    :
                  Applicant,        :
                                    :
     - against -                    :    No. 15 Misc. 334 (JFK)
                                    :       OPINION & ORDER
18884 FOOD CORPORATION,             :
A MCDONALD'S FRANCHISEE,            :
                                    :
                  Respondent.       :
------------------------------------X
NATIONAL LABOR RELATIONS BOARD,     :
                                    :
                  Applicant,        :
                                    :
     - against -                    :    No. 15 Misc. 335 (JFK)
                                    :       OPINION & ORDER
MIC-EASTCHESTER, LLC,               :
A MCDONALD'S FRANCHISEE,            :
                                    :
                  Respondent.       :
------------------------------------X
```

APPEARANCES
FOR APPLICANT
    Alejandro Ortiz, Esq.
    James Rucker, Esq.
    Rachel See, Esq.
    NATIONAL LABOR RELATIONS BOARD

FOR RESPONDENTS
    Robert Brody, Esq.
    BRODY & ASSOCIATES, LLC

**JOHN F. KEENAN, United States District Judge**:

Applicant the National Labor Relations Board ("NLRB" or the "Board") has submitted ten separate applications requesting orders requiring that Respondents AJD, Inc; 1531 Fulton Street, LLC; Bruce C. LP; 840 Atlantic Avenue, LLC; Lewis Foods of 42nd Street, LLC; John C. Food Corp.; McConner Street Holdings, LLC; 14 East 47th Street, LLC; 18884 Food Corp.; and Mic-Eastchester, LLC (together, the "Franchisee Respondents" or "Respondents") comply with the subpoenas duces tecum that were issued by the NLRB on February 9, 2015. This Order will address the applications filed against all ten of the Franchisee Respondents. As set forth below, the NLRB's request to enforce the subpoenas is granted.

## I.   Background

This matter concerns a series of actions brought by the NLRB against McDonald's and various McDonald's franchisees based on "unfair labor practice" charges filed with the NLRB by organizations representing fast food workers employed by those same franchisees. See National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-69. Among other allegations, these charges assert that McDonald's is a joint-employer with each of the McDonald's franchisees and so may be held jointly liable for any labor

1

violations found to have occurred at the franchisees' restaurants.

Following an investigation of the charges, the NLRB issued a series of complaints through its regional offices against McDonald's and each of the franchisees, which were subsequently consolidated on January 13, 2015.  Thereafter, on or around February 9, 2015, the Franchisee Respondents—as well as McDonald's and the other franchisees—were each served with a subpoena <u>duces</u> <u>tecum</u> (the "Subpoenas") issued by the NLRB's General Counsel.[1]  These Subpoenas seek documents related to the issue of whether McDonald's and the franchisees are joint employers.  On February 19, 2015, the Franchisee Respondents filed petitions to revoke the Subpoenas, which were subsequently denied by Administrative Law Judge Lauren Esposito on March 19, 2015.

The administrative hearing before Judge Esposito opened on March 30, 2015.  On April 23, 2015, the General Counsel requested a conference before Judge Esposito regarding the Franchisee Respondents' compliance with the subpoenas, noting that they had, "so far, failed to provide even a single

---

[1] These Subpoenas are identified in the parties' submissions as B-1-L3ASNB, B-1-L3BRPJ, B-1-L31N0L, B-1-L3BR2R, B-1-L3B22H, B-1-L3BNAD, B-1-L3C38J, B-1-L3BFPV, B-1-L3B9EX, and B-1-L3IE7X.

document." (ECF No. 1, App. Ex. 14.[2])  Thereafter, Judge Esposito issued an order on May 19, 2015, which set deadlines for Respondents to complete their productions and set a new date of October 5, 2015 for the continuation of the administrative hearing. (Id. Ex. 18.)

Pursuant to Judge Esposito's May 19 Order, a series of discovery conferences where held between the parties in June and July 2015.  According to the NLRB, counsel for the Franchisee Respondents made various representations at each of these conferences that document productions were forthcoming.  For instance, counsel for Respondents stated on June 24, 2015 that they were hopeful that they could complete compliance with the subpoenas "by August." (Id. Ex. 20, Tr. 379:5-10.)  Similarly, at a conference on July 14, 2015, Respondents' counsel indicated that non-ESI productions were expected to be complete "by mid-August." (Id. Ex. 21, Tr. 486:22-487:14.)

Despite these representations, the NLRB states that—as of September 30, 2015—the Franchisee Respondents have only produced documents identified as responsive to paragraph 13 of the subpoenas (relating to personnel files), as well as some additional paper documents that were not identified by subpoena

---

[2] Unless otherwise noted, references or citations to the record refer to documents filed in connection with case number 15 Misc. 326.

3

paragraph number.  Moreover, the NLRB contends that the Franchisee Respondents have failed to meet the deadlines set forth in Judge Esposito's May 19 Order and have not provided any expected completion date for their responses to the subpoenas. As a result, the NLRB filed the present action on October 6, 2015 for an order requiring the Franchisee Respondents to comply with the subpoenas duces tecum issued by the NLRB on February 9, 2015.[3]

Oral argument on the applications to enforce the Subpoenas was held before this Court on November 4, 2015.  At the direction of the Court, the parties subsequently conferred to see whether the number of remaining discovery requests could be narrowed in light of similar productions by McDonald's. Thereafter, the parties informed the Court that they reached an agreement to avoid duplicative productions by permitting Respondents to stipulate that certain types of responsive documents have already been produced by McDonald's.  (See Letter from James Rucker, Esq., dated Nov. 9, 2015; Letter from Robert G. Brody, Esq., dated Nov. 10, 2015.)

---

[3] The NLRB also requested that Judge Esposito adjourn the continuation of the administrative hearing to January 11, 2016. The request was granted on August 28, 2015.

**II.  Discussion**

**A. Legal Standard**

The NLRA extends broad subpoena authority to the NLRB, including the ability to subpoena "any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question." 29 U.S.C. § 161(1). Thus, although enforcement of subpoenas issued by the NLRB is left to the courts, "[t]he courts' role in a proceeding to enforce an administrative subpoena is extremely limited." N.L.R.B. v. Am. Med. Response, Inc., 438 F.3d 188, 193 (2006) (internal quotation marks omitted) (citing 29 U.S.C. § 161(2)). Within these constraints, an administrative subpoenas will generally be enforced judicially provided the NLRB makes a prima facie showing "'(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within [the agency's] possession, and (4) that the administrative steps required . . . have been followed.'" Id. (quoting RNR Enters., Inc. v. SEC, 122 F.3d 93, 96 (2d Cir.1997) (emphasis added)); see also United States v. Transocean Deepwater Drilling, Inc., 767 F.3d 485, 489 (5th Cir. 2014) ("The burden to make a prima facie face is 'minimal.'").

Where an agency has made a prima facie showing that enforcement of an administrative subpoena is proper, the burden

5

shifts to the opposing party to show that enforcement is nevertheless inappropriate" because the subpoena is unreasonable or improper, or because "compliance would be 'unnecessarily burdensome.'" RNR Enters., Inc._, 122 F.3d at 97 (quoting SEC v. Brigadoon Scotch Distrib. Co._, 480 F.2d 1047, 1056 (2d Cir. 1973)).

### B. Analysis

#### 1. A Prima Facie Case for Enforcement

In opposing judicial enforcement of the Subpoenas, the Franchisee Respondents primarily contend that the NLRB has failed to show that the Subpoenas may be relevant to a legitimate purpose, noting that the joint-employer determination is only relevant to the NLRB investigation if the Respondents are actually found to have engaged in unlawful labor practices. (ECF No. 11, Answer at 7-8.)  As noted above, however, the Court's review of the Subpoenas is strictly limited and is not a means by which to obtain wholesale reconsideration of the administrative law judge's determination that a subpoena is valid. See Am. Med. Response, Inc., 438 F.3d at 193.  Moreover, although any measure of "'[t]he relevance of the sought-after information . . . necessarily presupposes an inquiry into the permissible range of investigation under the statute,'" in deciding whether the NLRB has met its burden, district courts defer to "'the agency's appraisal of relevancy, which must be

6

accepted so long as it is not obviously wrong.'" See id. (quoting In re McVane, 44 F.3d 117, 1135 (2d Cir. 1995).

Here, the NLRB is investigating allegations of labor violations at certain McDonald's franchises, including allegations that the Respondents obstructed their employees' union-related activities, which is a legitimate investigative purpose that falls within the scope of the NLRB's authority under the NLRA. (See ECF No. 11, Answer at 8; 29 U.S.C. §§ 158, 160.)  Further, the parties agree that the NLRB issued the Subpoenas in order to obtain information from McDonald's and the Respondents relating to whether they should be considered joint employers.  As the NLRB points out, if the answer to this question is yes, then McDonald's may be held jointly liable with the Respondents for any unlawful conduct that is found to have occurred at the Franchisee's restaurants.  Accordingly, because the NLRB has shown a reasonable connection between its inquiry into the existence of a joint-employer relationship between McDonald's and the Respondents, on the one hand, and its investigation of unfair labor practices at the Respondents' restaurants, on the other, the Court must defer to the NLRB's appraisal of relevancy.  The Court therefore finds that the first two criteria for enforcement have been met.

Turning to the Respondents' next argument, they assert in their answer to the application for enforcement that the NLRB

7

has failed to show that the requested documents are not already in its possession, stating that some of the NLRB's requests may be satisfied by documents previously produced by the Respondents themselves or by productions from McDonald's. (ECF No. 11, Answer at 10-12.)  As an initial matter, it appears that this argument has been mooted, at least in part, by the parties' recent Court-directed discussions. Specifically, as pointed out above, the parties conferred following oral argument and have apparently reached an agreement to reduce duplicative productions by McDonald's and the Franchisee Respondents. (See supra p. 7.)

In any case, the Court again notes the "minimal" burden that the NLRB must meet to satisfy the criteria for enforcement. See Transocean Deepwater Drilling, Inc., 767 F.3d at 489; see also United States v. First Nat. State Bank of N.J., 616 F.2d 668, 673-74 (3d Cir. 1980) (enforcing subpoenas for tax records although "the forms at issue may technically be deemed within the physical proprietary control of the Government," because requiring the IRS to locate the forms within its own files was shown to be impractical).  Accordingly, upon consideration of the NLRB's statement that the Respondents have made, at most, only "partial responses to" the outstanding Subpoena paragraphs (see ECF No. 1, App. Ex. 23, Aff. of James C. Rucker dated Sept. 30, 2015, at 2), and in view of the fact that—unlike documents

8

such as tax forms—the documents requested by the Subpoenas are not of a type ordinarily found within the Government's possession or control, the Court finds that the NLRB has met its burden to show that the requested documents are not already in its possession. See RNR Enters., Inc., 122 F.3d at 97 ("An affidavit from a government official is sufficient to establish a prima facie showing that those requirements have been met.").

Accordingly, because the NLRB has also submitted evidence showing that it has complied with the required administrative steps in making this application (ECF No. 1, App. Ex. 5b; id. Ex. 7 at 5.), the Court finds that the NLRB has established a prima facie case that enforcement of the Subpoenas is appropriate.  The Court will therefore grant the application to enforce unless the Franchisee Respondents can establish that the Subpoenas are improper or that compliance would be unduly burdensome. See RNR Enters., Inc., 122 F.3d at 97.

**2. Enforcement of the Subpoenas Is Not Otherwise Improper**

Where an agency has shown that a subpoena was issued in connection with a lawful purpose and that the documents requested are relevant to that purpose, a high burden is placed on the opposing party to show that enforcement of the subpoena should nevertheless be denied. See Brooklyn Manor Corp. v. N.L.R.B., No. 99 Misc. 117, 1999 WL 1011935, at *3 (E.D.N.Y.

Sept. 22, 1999). For the reasons set forth below, that burden has not been met here by the Respondents.

As an initial matter, the Franchisee Respondents have failed to establish that enforcement of the subpoenas would impose an unfair burden on them. In opposing the Subpoenas, Respondents allege that the burden of production "has been and will continue to be astronomical." (ECF No. 11, Answer at 13.) Likewise, Respondents contend that they have "virtually no" human resources, legal or administrative staff to assist in the production of potentially responsive documents and that enforcing the Subpoenas would seriously disrupt their business operations by compelling them to "spend countless hours" pulling files and by diverting the use of computers otherwise needed to run their restaurants. (Id. at 14.)

Whether enforcement of a subpoena poses an undue burden is typically a fact-intensive inquiry, however, which requires the respondent to show that the actual costs of discovery are unreasonable in light of the particular size of the respondent's operations. See NLRB v. North Carolina Food Processors, Inc., 81 F.3d 507, 513 (4th Cir. 1996); E.E.O.C. v. Aaron Bros., Inc., 620 F. Supp. 2d 1102, 1108 (C.D. Cal. 2009) (rejecting an argument that compliance would place an undue burden on the respondents where they failed to "produce evidence of the size of their operations and their capacity to handle the costs" and noting

10

that "[d]ata on the actual costs of production would have been far more credible than what [r]espondents produced."). As the court in Aaron Bros. noted, general allegations—such as those relied on by Respondents here—are insufficient to establish that compliance with a subpoena would place an undue burden on the respondent. Thus, in the absence of specific evidence showing the Franchisee Respondents' capacity—or lack thereof—to handle the costs of complying with the Subpoenas, the Court finds that Respondents have failed to show that enforcement of the Subpoenas would impose an undue burden upon them.

The Respondents remaining arguments are similarly unpersuasive. First, their assertion that the Subpoenas are overly broad because they seek "the exact same information" from McDonald's and the Respondents has already been addressed by Judge Esposito, who noted in her order denying Respondents' petition to vacate that any argument that the subpoenas are unduly burdensome because of the likelihood of redundant productions was undermined by the Respondents' failure to take advantage of multiple offers by the NLRB to stipulate to duplicative documents. (ECF No. 1, App. Ex. 9 at 5.) The Court agrees.

Second, the Respondents' claim that the subpoenas are improper because they were filed post-complaint is directly contradicted by section 11 of the NLRA, which provides that the

11

Board "shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question." 29 U.S.C. § 161(1) (emphasis added).

Third, the Court declines to exercise its discretion to deny the NLRB's application based on the Respondents' ongoing efforts to comply.  Although the Subpoenas were served in February 2015, the majority of the NLRB's document requests remain unanswered by the Respondents as of the date of this Order.  Thus, even if the Respondents have not expressly refused to comply with the Subpoenas, enforcement is appropriate in view of their repeated failure to meet discovery deadlines set over the past nine months.

Finally, Respondents' recent comment that the NLRB comes before the Court with unclean hands seems to the Court disingenuous at best. (Letter from Robert G. Brody, Esq., dated Nov. 10, 2015, at 1.)  Specifically, the record suggests that any delay in seeking to enforce the Subpoenas was occasioned by Respondents' repeated representations to Judge Esposito and to the NLRB that they were working "diligently" to complete the requested discovery and that productions were forthcoming. (See, e.g., ECF No. 1, App. Ex. 21, Tr. 487:10-14 (noting that Respondents anticipated completing production of all non-ESI

documents by "mid-August").) The NLRB's patience evidently having been exhausted, it has now requested that the Subpoenas be enforced. For the reasons discussed above, that request is granted.

### III. Conclusion

For the foregoing reasons, the NLRB's request to enforce the Subpoenas is granted. Accordingly, the Respondents are each directed to comply with the Subpoenas duces tecum served upon them in the underlying matters now pending before Judge Esposito and identified above and to provide unredacted copies of all responsive documents requested therein to the NLRB for its review within 45 days of this Order. Further, with respect to each of the Franchisee Respondents, Respondent's Custodian of Records must appear at the time and place to be designated by Judge Esposito, or by the Division of Judges for the National Labor Relations Board, for resumption of the administrative hearing to give sworn testimony and answer any and all questions relevant and material to the documents produced by that particular Respondent in response to the subpoena duces tecum served on them in connection with this case.

**SO ORDERED.**

Dated:   New York, New York
         November /2, 2015

                                          */s/ John F. Keenan*
                                          John F. Keenan
                                          United States District Judge
                                          Part One

13